NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1489
Facsimile: (303) 844-1350

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| EXXONMOBIL PIPELINE COMPANY, | ) | Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action against ExxonMobil Pipeline Company ("ExxonMobil") related to its unlawful discharge of blended crude oil from the Silvertip Pipeline, a 12-inch-diameter interstate pipeline, that ruptured near Laurel, Yellowstone County, Montana, beginning on or about July 1, 2011.  The spill discharged oil into the Yellowstone River, contaminated adjoining shorelines and waterways, and impacted human health and welfare, wildlife, and habitat.

2.      The United States seeks civil penalties pursuant to Section 311(b)(7)(A) and (D) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7)(A) and (D), and injunctive relief pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## JURISDICTION, AUTHORITY, AND VENUE

3.     This Court has jurisdiction over this matter pursuant to Sections 309(b) and 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. §§ 1319(b), 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345, and 1355.

4.     Authority to bring this action on behalf of the United States is vested in the United States Department of Justice by, *inter alia*, Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

5.     Venue is proper in the District of Montana under Sections 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b) and 1321 (b)(7)(E), and 28 U.S.C. §§ 1391 and 1395 because the claims arose in this district and Defendant is located and doing business in this district.

## THE PARTIES

6.     Plaintiff United States of America is acting on behalf of the United States Environmental Protection Agency.

7.     Defendant ExxonMobil Pipeline Company is the owner and operator of the Silvertip Pipeline.  ExxonMobil is a Delaware corporation with its headquarters in Houston, Texas.

## FACTS

8.     The Silvertip Pipeline is a 12-inch-diameter pipeline that transports crude oil 69 miles from the Silvertip Station near Elk Basin, Wyoming, to the ExxonMobil Refinery in Billings, Montana.

9.     On July 1, 2011, at approximately 10:40 p.m., the Silvertip Pipeline ruptured at the Yellowstone River crossing near the City of Laurel, Montana, and oil began discharging into the Yellowstone River.

10.     On or about July 1, 2011, at least 1,509 barrels of oil discharged into the environment from the Silvertip Pipeline.

11.     Discharged oil flowed down the Yellowstone River at approximately seven (7) miles per hour and entered tributaries, wetlands, and riparian areas, including over 9,000 acres of riverfront.

12.     Approximately 140 people were evacuated from their homes in the early morning hours of July 2, 2011, due to the potentially hazardous conditions caused by the discharge.

13.     The discharged oil caused, among other things, a film or sheen upon or discoloration of the surface of the Yellowstone River or adjoining shorelines or caused a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines or caused a violation of water quality standards.

14.     Within hours of the spill, discharged oil had migrated at least 40 miles downriver and impacted at least 20 miles of floodplains and riparian areas.  By July 3, 2011, discharged oil had migrated 240 miles downstream.

## FIRST CAUSE OF ACTION

**Civil Penalties for Violation of CWA Section 311(b) – Oil Discharge**

15.     Paragraphs 1 through 14 are realleged and reincorporated herein.

16.     Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the "discharge of oil or any hazardous substances (i) into or upon the navigable waters

of the United States, adjoining shorelines, or into or upon the waters of the

contiguous zone . . . in such quantities as may be harmful . . . ."

17.     Pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. §

1321(b)(7)(A), "[a]ny person who is the owner, operator, or person in charge of

any . . . onshore facility, or offshore facility . . . from which oil . . . is discharged in

violation of paragraph (3), shall be subject to a civil penalty . . . ."

18.     Enforcement of these provisions supports the national objective to

prevent and deter the discharge of oil.  33 U.S.C. § 1321(b)(1).

19.     ExxonMobil is a "person" within the meaning of Section 311(a)(7) of

the CWA, 33 U.S.C. § 1321(a)(7).

20.     ExxonMobil is the "owner" or "operator" of the Silvertip Pipeline.

21.     The Silvertip Pipeline is an "onshore facility" or "offshore facility"

within the meaning of Section 311(a)(10) or (11) of the CWA, 33 U.S.C. §

1321(a)(10) or (11).

22.     The release of crude oil from the Silvertip Pipeline on or around July

1, 2011 constituted a "discharge"  within the meaning of Section 311(a)(2) of the

CWA, 33 U.S.C. § 1321(a)(2).

23.     The substance discharged from the Silvertip Pipeline into the

Yellowstone River and adjoining shorelines on or around July 1, 2011 was "oil"

within the meaning of Section 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1).

24.     The discharge of oil from the Silvertip Pipeline on or around July 1, 2011 was a discharge into or upon the "navigable waters of the United States" or "adjoining shorelines" within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

25.     The Yellowstone River, its tributaries and adjacent wetlands are "navigable waters" within the meaning of Sections 311(b)(3) and 502(7) of the CWA, 33 U.S.C. §§ 1321(b)(3) and 1362(7).

26.     The discharge of oil from the Silvertip Pipeline into the Yellowstone River and adjoining shorelines on or around July 1, 2011 was in a quantity "as may be harmful" within the meaning of Section 311(b)(3) and (4) of the CWA, 33 U.S.C. § 1321(b)(3) and (4), and 40 C.F.R. § 110.3.

27.     Pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), ExxonMobil is liable for civil penalties of up to $1,100 per barrel of oil discharged, or, pursuant to Section 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), if it is proved that the discharge was the result of gross negligence or willful misconduct, ExxonMobil is liable for civil penalties of not more than $4,300 per barrel of oil discharged.  *See* 40 C.F.R. § 19.4 (making inflation adjustments to the statutory penalty amounts).

## SECOND CAUSE OF ACTION

### Injunctive Relief for Violation of CWA Section 301(a) – Discharge of Pollutants Without a Permit

38.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person," except, among other things, in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, by EPA or an authorized state.

39.     Section 502(12) of the CWA defines the term "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source."  33 U.S.C. § 1362(12).

40.     The definition of "pollutant" in Section 502(6) of the CWA encompasses oil.  33U.S.C. § 1362(6).

41.     Section 502(14) of the CWA defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged."  33 U.S.C. § 1362(14).

42.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes civil actions for "appropriate relief, including a permanent or temporary injunction" in

the case of violation of specified provisions of the CWA, including violations of

Section 301 of the CWA, 33 U.S.C. § 1311, to restrain such violation and to

require compliance.

43.    The oil discharged from the Silvertip Pipeline was discharged from a

"point source" within the meaning of Section 502(14) of the CWA, 33 U.S.C.

§ 1362(14).

44.    The oil discharged from the Silvertip Pipeline was a "pollutant"

within the meaning of Sections 301(a) and 502(6) of the CWA, 33 U.S.C. |

§§ 1311(a) and 1362(6).

45.    Each instance in which oil discharged from the Silvertip Pipeline

entered the Yellowstone River on or about July 1, 2010 was a "discharge of

pollutants" within the meaning of Sections 301(a) and 502(12) of the CWA, 33

U.S.C. §§ 1311(a) and 1362(12).

46.    The discharge of oil from the Silvertip Pipeline on or about July 1,

2010, was not authorized by a permit issued pursuant to Section 402 of the CWA,

33 U.S.C. § 1342.

47.    Each of the discharges of oil from the Silvertip Pipeline to the

Yellowstone River violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

48.     Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), ExxonMobil is subject to injunctive relief and must take action to prevent and mitigate future discharges in violation of the CWA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully requests that this Court:

A.     Enter a judgment that Defendant is liable to the United States for civil penalties pursuant to Section 311(b) of the Clean Water Act and assess civil penalties of up to $1,100 per barrel discharged pursuant to Section 311(b)(7)(A), or if the violation is the result of gross negligence or willful misconduct, of up to $4,300 per barrel discharged pursuant to Section 311(b)(7)(D);

B.     Issue an order pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), requiring ExxonMobil to take all appropriate actions to prevent and mitigate future discharges of oil to waters of the United States; and

C.     Grant the United States such other relief as the Court deems just and proper.

Respectfully Submitted,

NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment & Natural Resources
Division
United States Department of Justice


*/s/ James D. Freeman*_____
JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1489
Facsimile: (303) 844-1350